# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| E.H. a minor, by her mother Lisa Hayes, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | CAUSE NO.: 4:16-CV-39-PRC |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Petition for Attorney Fees Under the Equal Access to Justice Act [DE 24], filed by Plaintiff E.H., a minor, by her mother Lisa Hayes, on December 27, 2017.

On May 12, 2016, Plaintiff filed a Complaint with this Court, seeking review of the Commissioner's final decision on her application for social security supplemental security income benefits. On October 13, 2016, Plaintiff filed a 61-page Opening Brief, having obtained leave of court to file an oversize brief. On November 28, 2016, the Commissioner filed a response, and on December 12, 2016, Plaintiff filed a reply brief. On September 12, 2017, the Court reversed the decision of the Commissioner of Social Security and remanded for further proceedings.

On December 27, 2017, Plaintiff timely filed the instant motion, seeking attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $16,074.00 for 84.6 hours of work at an hourly rate of $190.00.

On January 9, 2018, the Commissioner filed a response brief in opposition to Plaintiff's fee request, opposing the number of hours as unreasonable and also opposing the hourly rate. In the reply brief, Plaintiff requests an additional 3.2 hours of attorney time for preparation of that brief.

First, as for the reasonableness of the hours spent, Plaintiff bears the burden of demonstrating that the requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Counsel for the prevailing party should make a good-faith effort to exclude excessive, redundant, or otherwise unnecessary hours. *Id.* at 434; *see also Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008) ("When calculating an EAJA award, we must exclude hours that were not reasonably expended and we may reduce the amount of the award accordingly." (internal quotation marks omitted) (quoting *Hensley*, 461 U.S. at 434 and citing 28 U.S.C. § 2412(d)(1)(C))). Plaintiff asserts that counsel reasonably devoted a total of 84.6 hours of attorney time due to the complexity of this matter. Plaintiff notes that both Attorney Adriana M. de la Torre and Attorney Carina M. de la Torre spent a total of 84.6 hours in the matter, including preparation of the pleadings and other initial matters, preparation of an oversized brief, preparation of the reply brief, and other compensable litigation services. Plaintiff notes that five main arguments were raised on review before this court as a basis for remand, several of which had subparts. In addition, Plaintiff contends that the 900-page record justified the hours spent by counsel in this case, which, like all Social Security disability appeals is fact sensitive. Plaintiff reasons that the significant time counsel devoted to finding relevant facts was critical to Plaintiff's success, especially because Plaintiff was represented by different counsel at the administrative level. Plaintiff justifies the participation of two attorneys in drafting the oversized opening brief and the reply brief by asserting that the work was not duplicative. (ECF 25, p. 11) (citing *Kinsey-McHenry v. Colvin*, No. 2:12-CV-332, 2014 WL 1643455 (N.D. Ind. Apr. 23, 2015) ("Review by a senior attorney ensures that the quality of the brief is high and that necessary revisions are made before the brief is filed with the Court.")). Having significant experience in Social Security disability appeals, the Court finds that there were unique

and fact-sensitive aspects of this case that justified additional scrutiny of the medical records and argument.

Nevertheless, the Court finds that the total number of attorneys hours is not reasonable and reduces the approximately 78 hours spent drafting the opening and reply briefs by ten hours, reducing the total hours requested in the motion from 84.6 to 74.6, because approximately 60 hours were spent between the two attorneys on the opening brief alone. Their time is not itemized beyond identifying those hours spent to "prepare brief support of request for review and remand of ALJ Decision." It is unclear how the work was distributed between the two attorneys. Contrary to their citation to *Kinsey-McHenry*, there is no indication that one was reviewing and/or editing the work of the other. Given Plaintiff's argument that a large number of hours was necessary for the attorneys to familiarize themselves with the record because it was factually complex, it is unreasonable for two attorneys to take the time to become familiar with the same set of facts. As noted by the Commissioner, Plaintiff's counsel has extensive experience litigating Social Security cases, which should result in efficiencies in drafting briefs, even in complex cases. Courts have routinely recognized that 40 to 60 hours is the standard range of attorney hours for Social Security litigation in the Seventh Circuit Court of Appeals, and Plaintiff has not distinguished this case sufficiently to justify the hours of attorney time spent by two attorneys based on the record before the Court. *See, e.g.*, *Copeland v. Astrue*, No. 2:11-CV-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (citing cases); *Schulten v. Astrue*, No. 08 C 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (citing cases); *see also Parker v. Berryhill*, 2:15-CV-316, 2017 WL 1405357, at *2-3 (N.D. Ind. Apr. 20, 2017) (reducing the number of hours billed from 85.7 to 65.7 in a case in which there were over 2000 pages of medical records).

Second, there is a statutory cap of an hourly rate of $125.00 for reasonable attorney fees under the EAJA, established in March 1996. 28 U.S.C. § 2412(d)(2)(A)(ii). However, the statute allows for a cost of living adjustment when "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. "Courts should generally award the inflation-adjusted rate according to the [Consumer Price Index], using the date on which the legal services were performed." *Sprinkle v. Colvin*, 777 F.3d 421,428 (7th Cir. 2015). In this case, inasmuch as there is no separate CPI for Indianapolis, Indiana, where Plaintiff's attorneys practice, Plaintiff argues that the appropriate hourly rate for Indianapolis should be based upon CPIs for similar markets including the Midwest urban market and the National market for 2016, the year in which most of the work was performed in this case. The prevailing hourly rate in 2016 for the Midwest urban market was $186.32 and was $192.68 for the National market. The Court finds that Plaintiff's proposed hourly rate of $190.00 for Indianapolis is in line with comparable markets. The Court further notes that Plaintiff's counsel has previously been awarded this hourly rate in other cases. *See, e.g.*, *Banks v. Berryhill*, No. 1:15-CV-400 (N.D. Ind. Aug. 23, 2007). Plaintiff has provided the affidavit of an attorney who provides similar services and is of comparable skill and experience attesting that an hourly rate of $190.00 is reasonable for the Indianapolis market for matters similar to this action. Finally, the hourly rate is commensurate with counsels' and counsels' firm's experience. For all these reasons, and contrary to the Commissioner's assertion that the hourly rate should be based only on the Midwest urban market because it is the market in which the case was litigated, the Court finds the hourly rate of $190.00 for the attorney work provided in Indianapolis in 2016 is appropriate. It is within the Court's discretion to choose the U.S. City Average or the Midwest region rate. *See*

*Wright v. Berryhill*, 1:14cv8163, 2017 WL 2588218, at * 2 (N.D. Ill. June 14, 2017); *see also Colvin*, 777 F.3d at 428 n. 2.

In addition to the 74.6 hours of attorney work the Court is awarding based on the arguments in the motion, Plaintiff incurred an additional 3.2 hours preparing the instant reply brief, which the Court finds reasonable. Based on the foregoing, the Court approves a reasonable attorney fee in the amount of $14,782.00 for 77.8 hours of work at an hourly rate of $190.00.

Accordingly, the Court hereby **GRANTS** the Petition for Attorney Fees Under the Equal Access to Justice Act [DE 24] for ten hours less than requested and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $14,782.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. If counsel for the Commissioner can verify that Plaintiff does not owe any pre-existing debt to the Government subject to offset, the Commissioner shall direct that the award be made payable directly to Plaintiff's attorney pursuant to the fee agreement between Plaintiff and her attorneys.

SO ORDERED this 25th day of January, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT